UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Morris Lee Brandon, III,

        Plaintiff,

v.

Sherburne County Sheriff; Joel Brott and Deputies; and Correctional Officers, in their individual and official capacity,

        Defendants.

Case No. 24-cv-778 (JMB/DLM)

**REPORT AND RECOMMENDATION**

---

Plaintiff Morris Lee Brandon, III, a prisoner, has paid the initial partial filing fee of $11.15 as previously ordered. (Doc. 4.) He has also filed an Amended Complaint. (Doc. 8).[1] That amended pleading is now before the Court for preservice review pursuant to 28 U.S.C. § 1915A(a). Upon that review, this Court recommends that the Amended Complaint be dismissed for failure to state a claim, *see* 28 U.S.C. § 1915A(b)(1), and that Mr. Brandon's Motion to Appoint Counsel contained within his amended complaint (Doc. 8 at 5), and Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2), be denied as moot.

## BACKGROUND

Mr. Brandon alleges that when he was a pretrial detainee at the Sherburne County jail, he had a USB "thumb drive" containing the discovery in his federal criminal case.

---

[1] The Court also notes that Mr. Brandon filed an Exhibit III to his Amended Complaint (Doc. 9).

According to Mr. Brandon, he "turned in" the USB drive at night, but when he went to retrieve it the next day, he discovered that unnamed sheriff's deputies had conspired to search the thumb drive outside of his presence and without his consent. Mr. Brandon claims that the USB thumb drive was then returned to its "secure location" as if the search had not occurred. He contends that the unauthorized search and seizure of his thumb drive caused him to change his defense strategy and go forward with his federal sentencing.

Mr. Brandon identifies the defendants in their official and individual capacities. He requests monetary damages and the appointment of counsel.

## ANALYSIS

Pursuant to 28 U.S.C. § 1915A—a part of the Prison Litigation Reform Act ("PLRA")—the Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A pleading fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a "pro se complaint must be liberally construed," *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014), pro se plaintiffs must allege sufficient facts to "nudge[] their claims across the line from conceivable to plausible or their complaint must be dismissed," *Twombly*, 550 U.S. at 569–70.

Mr. Brandon brings this action pursuant to 42 U.S.C. § 1983. (Doc. 8.) To establish a plausible § 1983 claim, "a plaintiff must allege a violation of a constitutional right committed by a person acting under color of state law." *Andrews v. City of W. Branch, Iowa*, 454 F.3d 914, 918 (8th Cir. 2006) (emphasis added).

As the Court understand it, Mr. Brandon asserts three claims: (1) Defendants conspired to—and indeed did—unlawfully seize the USB thumb drive containing Mr. Brandon's discovery; (2) Defendants unlawfully searched the thumb drive outside of Mr. Brandon's presence; and (3) Defendants' search of his USB thumb drive caused Mr. Brandon to change his defensive strategies, thereby interfering with his constitutional right to access the courts. (Doc. 8.)

As a threshold matter, to establish a conspiracy claim under § 1983, a plaintiff must show "that the defendant conspired with others to deprive [them] of a constitutional right; that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and that the overt act injured the plaintiff." *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999). It is thus essential to a conspiracy claim that a plaintiff establish a deprivation of a constitutional right. *Id.* Here, Mr. Brandon's claims fail because he has not plausibly alleged that Defendants violated one or more of Mr. Brandon's constitutional rights.

First, the Fourth Amendment protects "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "To establish a violation of rights under the Fourth Amendment, a person must have a constitutionally protected reasonable expectation of privacy in the area

3

searched or the items seized." *United States v. Sesay*, 937 F.3d 1146, 1151 (8th Cir. 2019). In determining "reasonableness" in an institutional setting such as a jail, federal courts are directed to balance "the need for the particular search against the invasion of personal rights that the search entails." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). In applying this balancing test, courts must consider "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Id.*

Mr. Brandon asserts that Defendants seized his thumb drive after he turned it in for the night, searched it outside his presence, and then tampered with evidence it contained. (Doc. 8). But he neither alleges any particularized facts to support these conclusions, *see Twombly*, 550 U.S. at 561, nor plausibly alleges facts showing how these purported actions violated the Fourth Amendment.  Mr. Brandon's search and seizure claims should therefore be dismissed.

To the extent, moreover, that Mr. Brandon asserts Defendants seized the USB thumb drive without due process of law, although the "the Constitution [usually] requires some kind of hearing *before* the State deprives a person of liberty or property," *Zinermon v. Burch*, 494 U.S. 113, 127 (1990), "[i]n some circumstances . . . a statutory provision for a postdeprivation hearing, or a common-law tort remedy for erroneous deprivation, satisfies due process," *id.* at 128. Specifically, the Supreme Court has held that in cases "where the predicate deprivation is, or is akin to, a tortious loss of a prisoner's property resulting from a random unauthorized act by a state employee—versus some established state procedure—adequate postdeprivation remedies satisfy the requirements of due process."

4

*Walters v. Wolf*, 660 F.3d 307, 312 (8th Cir. 2011) (internal citations omitted). This is such a case here where Mr. Brandon claims that Defendants took the USB thumb drive and searched it *contrary to* Sherburne County jail policy, which provides that "under normal procedures, any inspection of a USB device is to be done in the presence of the inmate." (Doc. 8 at 1).[2] Because Minnesota provides an adequate post-deprivation remedy to recover possession of personal property, *see Jones v. Roy*, 449 F. App'x 526, 527 (8th Cir. 2011) (citing *Storms v. Schneider*, 802 N.W.2d 824, 827 (Minn. Ct. App. 2011)), even if Mr. Brandon established a plausible claim that his USB drive was seized without due process of law, he has still failed to establish a plausible § 1983 claim.

Second, Mr. Brandon claims that he went forward with his sentencing in federal court because Defendants searched his USB drive outside of his presence and tampered with evidence. (Doc. 8.) The Court understands this claim in terms of Mr. Brandon's constitutional right to "access to the courts." *See White v. Kautzky*, 494 F.3d 677, *679 (8th Cir. 2007) ("The Constitution guarantees prisoners a right to access the courts."). For prisoners, "meaningful access to the courts 'requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.'" *Id.* (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977), *overruled on other grounds by Lewis v. Casey*, 518

---

[2] Notably, a purported violation of policy is not, by itself, sufficient to establish a constitutional violation. *See Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (no § 1983 liability for prison policy violation); *Bagley v. Rogerson*, 5 F.3d 325, 328 (8th Cir. 1993) (allegation of a state law violation does not, by itself, state a claim under the U.S. Constitution or § 1983).

U.S. 343, 354 (1996). "To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in *actual injury*, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Id.* at 680 (emphasis added).

Here, Mr. Brandon has established no injury from the purported search of his thumb drive. Although he claims that the search prompted him to change defensive strategies, he was represented by counsel at the time and there are no allegations that he was prevented from communicating with counsel or that jail officials prevented him from obtaining copies of his discovery from his counsel. *See Shrier v. Halford*, 60 F.3d 1309, 1313–14 (8th Cir. 1995) (concluding that a prisoner's right to meaningful access to the courts refers to "the adequacy of the prisoner's access to his or her court-appointed counsel or other law-trained assistant"). Accordingly, Mr. Brandon's "access to the court" claim also fails to state a plausible claim of a constitutional violation.

## RECOMMENDATION

Based on the above, and on all of the files, records, and proceedings in this action,

**IT IS RECOMMENDED** that:

1. Plaintiff Morris Lee Brandon, III's Amended Complaint (Doc. 8) be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1);

2. Mr. Brandon's Motion to Appoint Counsel (Doc. 8) be **DENIED** as moot;

3. Mr. Brandon's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2) be **DENIED** as moot; and

4. Mr. Brandon be required to pay the unpaid balance of this action's statutory filing fee—$338.85—in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court be required to provide notice of this requirement to the authorities at the institution where he is confined.

Date: April 16, 2024

*s/Douglas L. Micko*
DOUGLAS L. MICKO
United States Magistrate Judge

# NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served with a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).