UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Morris Lee Brandon, III,<br><br>Plaintiff,<br><br>v.<br><br>Sherburne County Sheriff, Joel Brott and Deputies, and Correctional Officers, in their individual and official capacities,<br><br>Defendants. | Case No. 24-CV-778 (JMB/DLM)<br><br>ORDER ON REPORT AND RECOMMENDATION |

This matter is before the Court on Plaintiff Morris Lee Brandon III's Objections (Doc. Nos. 12, 13) to the Report and Recommendation (R&R) of United States Magistrate Judge Douglas L. Micko filed April 17, 2024. (Doc. No. 10.) The R&R recommends dismissing Brandon's Amended Complaint (Doc. No. 8) under 28 U.S.C. § 1915A(b)(1) for failure to state a claim and, in turn, denying Brandon's Motion to Appoint Counsel (*id.* at 5) and application to proceed in forma pauperis (IFP application) (Doc. No. 2) as moot. (*See* Doc. No. 10.) For the following reasons, the Court overrules Brandon's Objections and adopts the R&R.

The Court reviews the challenged portions of an R&R under a de novo standard of review. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. L.R. 72.2(b)(3). However, the Court need only review for clear error any aspect of an R&R to which no specific objection is made. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996).

Because Brandon is self-represented, his Objections are entitled to liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The Court closely reviewed Brandon's filings (Doc. Nos. 12, 13) to discern the nature of his objections to the R&R. In his filings, Brandon takes issue with the Magistrate Judge's determination that he has failed to state a claim. At the same time, he concedes that he has not stated a claim because he cannot access video footage that would purportedly support his section 1983 claim. (*See* Doc. Nos. 12, 13.) More generally, Brandon disagrees with Magistrate Judge's use of certain language in the R&R, reasserts allegations made in his Amended Complaint, and restates the constitutional protections at issue; however, he fails to argue, let alone show, that he has alleged sufficient facts to support his claim. (*See* Doc. Nos. 12, 13.) In addition, Brandon recites legal rules relating to the summary judgment standard and qualified immunity defense. These rule statements are procedurally and substantively unrelated to Brandon's section 1983 claim, as well as the analysis the Magistrate Judge employs in support of his recommendation to dismiss Brandon's Amended Complaint. (*See* Doc. Nos. 12, 13.) Having conducted a de novo review, the Court agrees with the Magistrate Judge's conclusion that Brandon's Amended Complaint fails to state a claim under 28 U.S.C. § 1915A(b)(1).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff Morris Lee Brandon, III's Objections to the R&R (Doc. Nos. 12, 13) are OVERRULED.

2. The R&R (Doc. No. 10) is ADOPTED.

    a. Brandon's Amended Complaint (Doc. No. 8) is DISMISSED WITHOUT PREJUDICE.

      b. Brandon's Motion to Appoint Counsel (Doc. No. 8 at 5) is DENIED as moot.

      c. Brandon's IFP application (Doc. No. 2) is DENIED as moot.

3. Brandon is ordered to pay the unpaid balance of this action's statutory filing fee—$338.85—in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court is required to provide notice of this requirement to the authorities at the institution where he is confined.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 24, 2024                 /s/ Jeffrey M. Bryan
                                                                     Judge Jeffrey M. Bryan
                                                                     United States District Court